UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ X

KIRAN NEPPALLI AND VINEELA NEPPALLI,

                                              **Plaintiffs**,

                              -against –

CITY OF NEW YORK AND POLICE OFFICER ISAAC BRANCH,

                                              **Defendants.**

------------------------------------------------------------------------ X

**ANSWER TO THE COMPLAINT ON BEHALF OF DEFENDANTS CITY OF NEW YORK AND POLICE OFFICER ISAAC BRANCH**

**13 CV 4578 (KPF)**

**JURY TRIAL DEMANDED**

Defendants City of New York and Police Officer Isaac Branch, by their attorney Michael A. Cardozo, Corporation Counsel of the City of New York, for their answer to the complaint, respectfully allege, upon information and belief, as follows.

1. Deny the allegations set forth in paragraph "1" of the complaint, except admit that on or about August 18, 2012 at approximately 4:00am , in the vicinity of Washington Street and Little West 12th Street, New York, NY, defendant Police Officer Isaac Branch struck plaintiff Kiran Neppalli.

2. Deny the allegations set forth in paragraph "2" of the complaint, except admit that defendant Police Officer Isaac Branch arrested plaintiff Kiran Neppalli.

3. Deny the allegations set forth in paragraph "3" of the complaint, except admit that plaintiffs purport to proceed as stated therein.

4. Deny the allegations set forth in paragraph "4" of the complaint, except admit that plaintiffs purport to invoke the Court's jurisdiction as stated therein.

5. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "5" of the complaint.

6. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "6" of the complaint.

7. Deny the allegations set forth in paragraph "7" of the complaint, except admit that the City of New York is a municipal corporation organized pursuant to the laws of the State of New York.

8. Deny the allegations set forth in paragraph "8" of the complaint.

9. Deny the allegations set forth in paragraph "9" of the complaint, except admit that defendant Police Officer Isaac Branch is employed by the City of New York as a member of its police department, and state that the phrase "was working for and acting within the scope of his employment and under the color of state law for defendant city" sets forth legal conclusions rather than averments of fact, and therefore no response is required.

10. Deny the allegations set forth in paragraph "10" of the complaint, except admit that a document purporting to be a Notice of Claim was received by the Office of the Comptroller on or about November 8, 2012.

11. Deny the allegations set forth in paragraph "11" of the complaint, except admit that a document purporting to be a Notice of Claim was received by the Office of the Comptroller on or about November 8, 2012.

12. Deny the allegations set forth in paragraph "12" of the complaint, except admit that on January 10, 2012 plaintiffs Kiran Neppalli and Vineela Neppalli were questioned by attorneys for defendant City of New York at a hearing pursuant to section 50h of the General Municipal Law of the State of New York.

13. Deny the allegations set forth in paragraph "13" of the complaint, except admit that a document purporting to be a Notice of Claim was received by the Office of the Comptroller on or about November 8, 2012, that the City of New York has not made an adjustment or payment since the presentation of such purported claim, and that subsequently plaintiffs commenced this action.

14. Deny the allegations set forth in paragraph "14" of the complaint.

15. Deny the allegations set forth in paragraph "15" of the complaint.

16. Deny the allegations set forth in paragraph "16" of the complaint.

17. Deny the allegations set forth in paragraph "17" of the complaint.

18. Deny the allegations set forth in paragraph "18" of the complaint.

19. Deny the allegations set forth in paragraph "19" of the complaint.

20. Deny the allegations set forth in paragraph "20" of the complaint.

21. Deny the allegations set forth in paragraph "21" of the complaint.

22. Deny the allegations set forth in paragraph "22" of the complaint.

23. Deny the allegations set forth in paragraph "23" of the complaint.

24. In response to the allegations set forth in paragraph "24" of the complaint, defendants repeat and reallege the responses set forth in the previous paragraphs inclusive of their answer as if fully set forth herein.

25. Deny the allegations set forth in paragraph "25" of the complaint.

26. Deny the allegations set forth in paragraph "26" of the complaint.

27. Deny the allegations set forth in paragraph "27" of the complaint.

28. Deny the allegations set forth in paragraph "28" of the complaint.

29. Deny the allegations set forth in paragraph "29" of the complaint.

30. Deny the allegations set forth in paragraph "30" of the complaint.

31. Deny the allegations set forth in paragraph "31" of the complaint.

32. In response to the allegations set forth in paragraph "32" of the complaint, defendants repeat and reallege the responses set forth in the previous paragraphs inclusive of their answer as if fully set forth herein.

33. Deny the allegations set forth in paragraph "33" of the complaint.

34. Deny the allegations set forth in paragraph "34" of the complaint.

35. Deny the allegations set forth in paragraph "35" of the complaint.

36. Deny the allegations set forth in paragraph "36" of the complaint.

37. Deny the allegations set forth in paragraph "37" of the complaint.

38. Deny the allegations set forth in paragraph "38" of the complaint.

39. In response to the allegations set forth in paragraph "39" of the complaint, defendants repeat and reallege the responses set forth in the previous paragraphs inclusive of their answer as if fully set forth herein.

40. Deny the allegations set forth in paragraph "40" of the complaint, except admit that on August 18, 2012, plaintiff Kiran Neppalli was arrested, handcuffed and taken into custody.

41. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "41" of the complaint.

42. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "42" of the complaint.

43. Deny the allegations set forth in paragraph "43" of the complaint.

44. Deny the allegations set forth in paragraph "44" of the complaint.

45. Deny the allegations set forth in paragraph "45" of the complaint.

46. Deny the allegations set forth in paragraph "46" of the complaint.

47. In response to the allegations set forth in paragraph "47" of the complaint, defendants repeat and reallege the responses set forth in the previous paragraphs inclusive of their answer as if fully set forth herein.

48. Deny the allegations set forth in paragraph "48" of the complaint.

49. Deny the allegations set forth in paragraph "49" of the complaint.

50. Deny the allegations set forth in paragraph "50" of the complaint.

51. In response to the allegations set forth in paragraph "51" of the complaint, defendants repeat and reallege the responses set forth in the previous paragraphs inclusive of their answer as if fully set forth herein.

52. Deny the allegations set forth in paragraph "52" of the complaint.

53. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "53" of the complaint.

54. Deny the allegations set forth in paragraph "54" of the complaint.

55. Deny the allegations set forth in paragraph "55" of the complaint.

56. Deny the allegations set forth in paragraph "56" of the complaint.

57. In response to the allegations set forth in paragraph "57" of the complaint, defendants repeat and reallege the responses set forth in the previous paragraphs inclusive of their answer as if fully set forth herein.

58. Deny the allegations set forth in paragraph "58" of the complaint.

59. Deny the allegations set forth in paragraph "59" of the complaint.

60. Deny the allegations set forth in paragraph "60" of the complaint.

61. Deny the allegations set forth in paragraph "61" of the complaint.

62. In response to the allegations set forth in paragraph "62" of the complaint, defendants repeat and reallege the responses set forth in the previous paragraphs inclusive of their answer as if fully set forth herein.

63. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "63" of the complaint.

64. Deny the allegations set forth in paragraph "64" of the complaint.

65. Deny the allegations set forth in paragraph "65" of the complaint.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE:

66. The complaint fails to state a claim upon which relief can be granted.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE:

67. Defendants have not violated any rights, privileges or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE:

68. Any injury alleged to have been sustained resulted from plaintiffs' own culpable or negligent conduct or the culpable or negligent conduct of others and was not the proximate result of any act of Defendants.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE:

69. There was probable cause for plaintiff Kiran Neppalli's arrest, detention, and prosecution.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE:

70. Punitive damages cannot be awarded against the City of New York.

**AS AND FOR A SIXTH AFFIRMATIVE DEFENSE:**

71. Defendant Police Officer Isaac Branch has not violated any clearly established constitutional or statutory rights of which a reasonable person should have known and therefore is protected by qualified immunity.

**AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE:**

72. At all times relevant to the acts alleged in the complaint, defendants acted reasonably in the proper and lawful exercise of their discretion.

**AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE:**

73. Plaintiffs' claims may be barred, in whole or in part, by the applicable limitations period.

**AS AND FOR A NINTH AFFIRMATIVE DEFENSE:**

74. Plaintiffs may have failed to comply with New York General Municipal Law §§ 50(e), 50(h), and/or 50(i).

**AS AND FOR A TENTH AFFIRMATIVE DEFENSE:**

75. Plaintiffs provoked any incidents.

**AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE:**

76. Plaintiffs failed to mitigate any alleged damages.

**AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE:**

77. At all times relevant to the acts alleged in the complaint, the duties and functions of the municipal defendant City of New York's officials entailed the reasonable exercise of proper and lawful discretion.  Therefore, defendant City of New York has governmental immunity from liability.

**WHEREFORE,** defendants City of New York and Police Officer Isaac Branch request judgment dismissing the complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated:	New York, New York
	October 22, 2013

             MICHAEL A. CARDOZO
             Corporation Counsel of the City of New York
             *Attorney for Defendants City of New York and*
             *Police Officer Isaac Branc*h
             100 Church Street
             New York, New York 10007

      By:   */s/ Carla Cheung*
           _____
           Carla Cheung
           Assistant Corporation Counsel
           Special Federal Litigation Division

cc:	**BY ECF**
	Jonathan D Sims
	Siegle & Sims L.L.P
	217 Broadway, Suite 611
	New York, NY 10007