

| MICHAEL A. CARDOZO<br>*Corporation Counsel* | THE CITY OF NEW YORK<br>**LAW DEPARTMENT**<br>100 CHURCH STREET<br>NEW YORK, N.Y. 10007 | **Carla Cheung**<br>*Assistant Corporation Counsel*<br>Tel.: (212) 356-2368<br>Fax: (212) 356-3509<br>ccheung@law.nyc.gov |
|---|---|---|

November 18, 2013

**VIA ECF and Email**
Honorable Judge Katherine Polk Failla
United States Magistrate Judge
United States District Court
Southern District of New York
40 Foley Square, Room 2103
New York, NY 10007

        Re:    Kiran Neppalli and Vineela Neppalli v. City of New York et al,
                13CV4578  (KPF)

Your Honor:

      I am an Assistant Corporation Counsel in the office of Michael A. Cardozo, Corporation Counsel of the City of New York, and the attorney assigned to represent the defendants City of New York and Police Officer Isaac Branch in this matter.

      I write to respectfully respond to plaintiffs' counsel's letter dated November 13, 2013 regarding the status of discovery in this matter, which has been designated as part of the Southern District of New York's Plan for Streamlined Disposition of Certain Section 1983 Cases Against the City of New York (the "Plan").  For the following reasons, defendants respectfully submit that an immediate conference before the Court is not necessary.

      First, this office has made, and continues to make, good faith efforts to obtain the documents outlined in the Plan and to produce those documents to plaintiffs as they are received by this office.  Since plaintiff's counsel made the above-mentioned application to this Court, we have been able to provide plaintiffs with documents received from the Criminal Court and the District Attorney's office, as well as additional medical records for plaintiff Kiran Neppalli.  I have also communicated to counsel that named defendant Police Officer Branch is not on force monitoring, as was disclosed in the previously-provided CCRB history and Central Personnel Index for Officer Branch.  Although this does not exhaust the list of documents required, we have provided counsel with the materials to make a meaningful assessment of their case, and continue to make efforts to obtain each of the required documents.

Additionally, plaintiffs are not prejudiced by the delay we have encountered in obtaining certain documents. Plaintiffs' complaint alleges, *inter alia*, that plaintiff was the subject of an assault and unlawful arrest by defendant Police Officer Isaac Branch. Therefore, the delay in obtaining, for example, property vouchers will not substantially impede counsel from making a meaningful assessment of plaintiffs' case. To accommodate certain deadlines which have already passed, I have communicated to counsel that defendants do not object to extending the date by which plaintiffs' must amend their complaint.

Finally, the delay in obtaining the remaining documents should not prevent the parties from having meaningful settlement discussions and should not interfere with the deadline to attend mediation.

Therefore, it is respectfully requested that the parties continue to work within the Plan and, if settlement negotiations are not successful, attend mediation as scheduled.

Thank you for your consideration of this request.

Respectfully submitted,

*/s/ Carla Cheung*
By: _____
Carla Cheung
Assistant Corporation Counsel
Special Federal Litigation Division

cc:   **VIA ECF**
Jonathan D Sims
Eric Seigle
*Attorneys for Plaintiffs*
Seigle & Sims L.L.P
217 Broadway, Suite 611
New York, NY 10007