UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x   Dock. #: 13-CV-4578 (KPF)
KIRAN NEPPALLI and VINEELA NEPPALLI,

**AMENDED COMPLAINT**
Plaintiffs,                              (JURY TRIAL REQUESTED)

-against-

CITY OF NEW YORK, POLICE OFFICER
ISAAC BRANCH and LIEUTENANT DONNY
RAMOUTAR,

Defendants.
------------------------------------------------------------------x

  Plaintiffs, KIRAN NEPPALLI and VINEELA NEPPALLI, complaining of the defendants CITY OF NEW YORK ("CITY"), POLICE OFFICER ISAAC BRANCH ("BRANCH") and LIEUTENANT DONNY RAMOUTAR ("RAMOUTAR") (collectively "DEFENDANTS") herein, by and through their attorneys, SIEGLE & SIMS L.L.P., allege the following upon information and belief:

## INTRODUCTION

1. On or about August 18, 2012, at approximately 4:10 a.m., in the vicinity of Little West 12th Street and Washington Street, in the County, City and State of New York, defendant BRANCH struck plaintiff KIRAN NEPPALLI in the head with a baton, causing plaintiff KIRAN NEPPALLI to sustain severe and grievous personal injuries, including but not limited to fractures to bones in plaintiff's face and bleeding within his brain.

2. Thereafter, defendant BRANCH arrested plaintiff KIRAN NEPPALLI, without probable cause.

3. The arrest of plaintiff KIRAN NEPPALLI was authorized and verified by defendant BRANCH'S supervisor, defendant RAMOUTAR.

4. By this action, plaintiff KIRAN NEPPALLI and his wife plaintiff VINEELA NEPPALLI seek to recover monetary damages, including attorneys fees, from DEFENDANTS.

## JURISDICTION

5. Jurisdiction is founded on the existence of a federal question, United States Code, Title 28, § 1331, as the action arises, in part, under the Fourth Amendment of the Constitution of the United States and United States Code, Title 42, § 1983, as hereinafter more fully appears. Additionally, jurisdiction is founded on diversity of citizenship, United States Code, Title 28 § 1332, and in part on United States Code, Title 28, §§ 1343 and 1367.

## PARTIES

6. Plaintiff KIRAN NEPPALLI is a natural person who resides in the State of New Jersey.

7. Plaintiff VINEELA NEPPALLI is a natural person who resides in the State of New Jersey.

8. Defendant CITY was and is a municipal corporation organized and existing under and by virtue of the laws of the State of New York.

9. Upon information and belief, defendant BRANCH is a natural person who resides in the State of New York.

10. At all times mentioned hereafter, defendant BRANCH was an employee of defendant CITY and, at all times referred to hereafter, was working for and acting within the scope of his employment and under color of state law for defendant CITY.

11. Upon information and belief, defendant RAMOUTAR is a natural person who resides in the State of New York.

12. At all times mentioned hereafter, defendant RAMOUTAR was an employee of

defendant CITY and, at all times referred to hereafter, was working for and acting within the scope of his employment and under color of state law for defendant CITY.

13. On or about November 5, 2012, before the commencement of this action, a Notice of Claim on behalf of plaintiffs KIRAN NEPPALLI and VINEELA NEPPALLI was served in writing sworn to by or on behalf of the claimants, by delivering same by personal service upon defendant CITY, which said Notice of Claim set forth the name and post office address of claimants and claimants' attorneys, the notice of claim, the time when, the place where, the manner in which the claim arose, and the items of damages or injuries claimed to have been sustained as far as then practicable.

14. Said Notice of Claim was presented and delivered to defendant CITY within ninety (90) days after the claims herein sued upon arose and before the commencement of this action.

15. On January 10, 2012, plaintiffs KIRAN NEPPALLI and VINELLA NEPPALLI were orally examined by defendant CITY at a hearing conducted pursuant to section 50h of the General Municipal Law of the State of New York. Additionally, defendant CITY had an opportunity to have plaintiffs physically examined.

16. This action was commenced within one year after such causes of action arose and more than thirty (30) days have elapsed since the service of this claim or such claim was presented, and defendant CITY has failed and/or refused to make an adjustment or payment of said claim.

**CUSTOMS AND PRACTICES OF DEFENDANT CITY OF NEW YORK WHICH LED TO THE FALSE ARREST, ASSAULT AND BATTERY AND USE OF EXCESSIVE FORCE AGAINST PLAINTIFF KIRAN NEPPALLI**

17. Defendant CITY has a number of customs and practices which are employed by the New York City Police Department which caused and /or contributed to KIRAN NEPPALLI's

false arrest and imprisonment, assault and battery and use of excessive force against him.

18. Specifically, it is the custom and/or practice of defendant CITY, its agents, servants and/or employees, to routinely seize individuals, without sufficient and legal probable cause.

19. Defendant CITY, its agents, servants and/or employees, including employees of the New York City Police Department, due to a lack of training and supervision, fail to train and/or improperly train their employees in recognizing probable cause sufficient to seize an individual suspected of a crime.

20. Defendant CITY, its agents, servants and/or employees, including employees of the New York City Police Department, due to a lack of proper training and supervision, routinely engage in a custom or practice of making arrests without sufficient and legal probable cause, thereby subjecting individuals to violations of their Constitutional rights, including wrongful arrest and imprisonment.

21. As a result of defendant CITY, its agents', servants' and/or employees' failure to properly train and/or supervise its agents, servants and/or employees in recognizing probable cause, plaintiff KIRAN NEPPALLI's Constitutional rights were violated by, among other things, his wrongful arrest and imprisonment.

22. Defendant CITY has a number of customs and practices which are employed by the New York City Police Department which caused and/or contributed to the battery and use of excessive force against plaintiff KIRAN NEPPALLI.

23. Upon information and belief, defendant CITY, its agents, servants and/or employees, including employees of the New York City Police Department, due to a lack of training, instruction and supervision with regard to the use of batons, fails to train and instruct, and/or improperly trains and instructs its employees in the appropriate use of a baton, and the

appropriate force to employ relative to the use of batons.

24. As a result of defendant CITY, its agents', servants' and/or employees' failure to properly train, instruct, and/or supervise its agents, servants and/or employees, including defendant BRANCH, in the proper use of batons, plaintiff KIRAN NEPPALLI's constitutional rights were violated by the employment of excessive force through the use of a baton, causing him to sustain serious physical injury.

25. Upon information and belief, defendant CITY, its agents', servants' and/or employees' failed to properly supervise and monitor defendant BRANCH.

26. As a result of the defendant CITY, its agents', servants' and/or employees' failure to properly supervise and monitor defendant BRANCH, plaintiff KIRAN NEPPALLI's constitutional rights were violated by, among other things, the employment of excessive force against him by defendant BRANCH, causing him to sustain serious physical injury.

## AS AND FOR A FIRST CAUSE OF ACTION
## CIVIL RIGHTS PURSUANT TO THE FOURTH AMENDMENT
## (EXCESSIVE FORCE)

27. Plaintiffs KIRAN NEPPALLI and VINEELA NEPPALLI repeat and reiterate the allegations contained in paragraphs 1 through 26.

28. Defendants CITY and BRANCH's striking of plaintiff KIRAN NEPPALLI in the head with a baton was in violation of the rights guaranteed plaintiff KIRAN NEPPALLLI pursuant to the Fourth Amendment of the United States Constitution.

29. Defendants CITY and BRANCH's striking of plaintiff KIRAN NEPPALLI in the head with a baton was not reasonable under the circumstances.

30. The conduct and acts of the Defendants CITY and BRANCH's were performed under the color state law.

31. As set forth above, such improper conduct was the custom and practice of the defendant CITY, as the result of the improper training, instruction and/or supervision by defendant CITY of its agents, servants and/or employees, including defendant BRANCH.

32. As a result of their conduct, Defendants CITY and BRANCH's violated plaintiff KIRAN NEPPALLI's civil rights and are liable to plaintiff pursuant to 42 U.S.C. §1983.

33. As a result, plaintiff KIRAN NEPPALLI suffered physical and mental injuries.

34. As a result thereof, plaintiff KIRAN NEPPALLI has been damaged in the sum of Ten Million dollars ($10,000,000).

## AS AND FOR A SECOND CAUSE OF ACTION
## CIVIL RIGHTS PURSUANT TO FOURTH AMENDMENT
## (FALSE ARREST AND IMPRISONMENT)

35. Plaintiffs KIRAN NEPPALLI and VINEELA NEPPALLI repeat and reiterate the allegations contained in paragraphs 1 through 34.

36. DEFENDANTS' conduct in arresting KIRAN NEPPALLI without probable cause was in violation of the rights guaranteed plaintiff KIRAN NEPPALLI pursuant to the Fourth Amendment of the United States Constitution.

37. As set forth above, such conduct was performed under color of state law.

38. As set forth above, such improper conduct was a result of a custom or practice of defendant CITY in its improper training, instruction and/or supervision by defendant CITY of its agents, servants and/or employees, including defendant BRANCH.

39. As a result of their conduct, DEFENDANTS violated plaintiff KIRAN NEPPALLI's civil rights and are liable to plaintiff KIRAN NEPPALLI pursuant to 42 U.S.C. §1983.

40. As a result, plaintiff KIRAN NEPPALLI suffered physical and mental injuries.

41. As a result thereof, plaintiff KIRAN NEPPALLI has been damaged in the sum of Ten Million dollars ($10,000,000).

## PENDENT STATE CLAIMS

### AS AND FOR A THIRD CAUSE OF ACTION
### (FALSE ARREST AND IMPRISONMENT)

42. Plaintiffs KIRAN NEPPALLI and VINEELA NEPPALLI repeat and reiterate the allegations contained in paragraphs 1 through 41.

43. On August 18, 2012, DEFENDANTS, their agents, servants and/or employees, arrested plaintiff KIRAN NEPPALLI, handcuffed him, took plaintiff KIRAN NEPPALLI into custody, and confined him.

44. Plaintiff KIRAN NEPPALLI was conscious of the arrest and confinement.

45. Plaintiff KIRAN NEPPALLI did not consent to the confinement.

46. The arrest and confinement of plaintiff KIRAN NEPPALLI was not otherwise privileged.

47. The arrest and confinement of plaintiff KIRAN NEPPALLI was without probable cause.

48. As a result, plaintiff KIRAN NEPPALLI suffered physical and mental injuries.

49. As a result thereof, plaintiff KIRAN NEPPALLI has been damaged in the sum of Ten Million dollars ($10,000,000).

### AS AND FOR A FOURTH CAUSE OF ACTION
### (ASSAULT)

50. Plaintiffs KIRAN NEPPALLI and VINEELA NEPPALLI repeat and reiterate the allegations contained in paragraphs 1 through 49.

51. DEFENDANTS' conduct detailed herein, including the striking of plaintiff KIRAN

NEPPALLI with a baton and the arrest and handcuffing of KIRAN NEPPALLI, was done with the intent of placing plaintiff KIRAN NEPPALLI in fear of imminent harmful and offensive contact and did in fact place KIRAN NEPPALLI in fear of imminent harmful and offensive conduct.

52. As a result, plaintiff KIRAN NEPPALLI suffered physical and mental injuries.

53. As a result thereof, plaintiff KIRAN NEPPALLI has been damaged in the sum of Ten Million dollars ($10,000,000).

## AS AND FOR A FIFTH CAUSE OF ACTION
## (BATTERY)

54. Plaintiffs KIRAN NEPPALLI and VINEELA NEPPALLI repeat and reiterate the allegations contained in paragraphs 1 through 53.

55. Defendants CITY and BRANCH's conduct in striking plaintiff KIRAN NEPPALLI in the head with a baton was intentional.

56. Plaintiff KIRAN NEPPALLI did not consent to the intentional touching of his body.

57. Such conduct by the Defendants CITY and BRANCH's towards plaintiff KIRAN NEPPALLI constituted offensive bodily contact.

58. As a result, plaintiff KIRAN NEAPPALLI suffered physical and mental injuries.

59. As a result thereof, plaintiff KIRAN NEPPALLI has been damaged in the sum of Ten Million dollars ($10,000,000).

## AS AND FOR A SIXTH CAUSE OF ACTION
## (OUTRAGEOUS CONDUCT CAUSING EMOTIONAL DISTRESS)

60. Plaintiffs KIRAN NEPPALLI and VINEELA NEPPALLI repeat and reiterate the allegations contained in paragraphs 1 through 59.

61. DEFENDANTS' conduct toward plaintiff KIRAN NEPPALLI detailed herein,

including the striking of plaintiff KIRAN NEPPALLI in the head with a baton, and his false arrest and imprisonment was intentional and done for the purpose of causing severe emotional distress to plaintiff KIRAN NEPPALLI.

62. DEFENDANTS' conduct toward plaintiff KIRAN NEPPALLI, including all the acts and/or omissions detailed herein, were done in a manner so shocking and outrageous as to exceed the bounds of decency and have caused plaintiff KIRAN NEPPALLI severe emotional distress.

63. As a result, plaintiff KIRAN NEPPALLI suffered physical and mental injuries.

64. As a result thereof, plaintiff KIRAN NEPPALLI has been damaged in the sum of Ten Million dollars ($10,000,000).

## AS AND FOR A SEVENTH CAUSE OF ACTION
### (LOSS OF CONSORTIUM)

65. Plaintiffs KIRAN NEPPALLI and VINEELA NEPPALLI repeat and reiterate the allegations contained in paragraphs 1 through 64.

66. At all times mentioned herein, plaintiff VINEELA NEPPALLI was and still continues to be the wife of plaintiff KIRAN NEPPALLI.

67. That by reason of the acts of DEFENDANTS stated herein, plaintiff VINEELA NEPPALLI was and continues to be deprived of the services and consortium of her husband; was and is obliged to expend monies for medical care and medical attention for her husband; has lost and will continue to lose the enjoyment of life; and will hereafter necessarily incur further expenses for medical care and medical attention for her husband; all to her damage.

68. As a result thereof, plaintiff VINEELA NEPPALLI has been damaged in the sum of Five Million Dollars ($5,000,000).

## CONCLUSION

**WHEREFORE**, plaintiffs KIRAN NEPPALLI and VINEELA NEPPALLI, demand judgment against defendants CITY OF NEW YORK, POLICE OFFICER ISAAC BRANCH, and LIEUTENANT DONNY RAMOUTAR as follows: in the sum of Ten Million dollars ($10,000,000) to KIRAN NEPPALLI for the First through Sixth causes of action each; and the sum of Five Million Dollars ($5,000,000) to VINEELA NEPPALLI on the Seventh cause of action alleged herein, together with the costs and disbursements of this action, including punitive damages and attorneys fees.

Dated: New York, New York
May 23, 2014

Yours, etc.

**SIEGLE & SIMS L.L.P.**

By: _____
Eric W. Siegle (ES0571)
Jonathan D. Sims (JS8472)
Attorneys for Plaintiffs
KIRAN NEPPALLI and
VINEELA NEPPALLI
217 Broadway - Suite 611
New York, NY 10007
(212) 406-0110